REQUESTED BY: Dear Senator Maresh:
This is in response to your letter of March 6, 1980, which concerns a proposed amendment to LB 909, regarding the termination of perpetual care trusts and perpetual special care trusts which are established under sections 12-509 and12-510, R.R.S. 1943. More specifically you requested an opinion as to whether the word `perpetual' modifies the word `care' or the words `trust, trust fund or fund,' as these terms are used respectively in sections 12-505 through12-512.08, R.R.S. 1943, thus possibly making such trusts irrevocable.
The overall intent of sections 12-505 through12-512.08, R.R.S. 1943, is clearly to provide funds for the continual care, maintenance and upkeep of cemeteries and individual graves, vaults, etc. Section 12-509, R.R.S. 1943, states that the income earned from the investment of the perpetual care trust funds `shall be used solely for the general care, maintenance and embellishment of the cemetery, and shall be applied in such manner as the association may from time to time determine to be for the best interests of the cemetery.' More specifically section 12-512.01, R.R.S. 1943, provides that the income from the perpetual care trust fund is `to be used for the perpetual care of the cemetery by the association.' Likewise, section 12-510, R.R.S. 1943, regarding the perpetual special care trusts provides that `[t]he income earned thereon shall be used solely for the purposes of perpetual special care as set forth in the respective trust agreements made between the association and said donors.' The wording of these statutes clearly indicates that the purpose of the various funds, trusts, or trust funds is to provide for the perpetual care of the respective cemetery and individual graves, vaults, burial lots, etc.
The implication of this concept of perpetual care, however, is that the funds, trusts, or trust funds established for the purpose of such perpetual care are also perpetual in nature.
In fact, section 12-509, R.R.S. 1943, states that `[t]he principal of the perpetual care fund shall be forever held inviolate as a perpetual trust by said association, and shall be maintained separate and distinct from any other funds.' Likewise, section 12-512, R.R.S. 1943, regarding these perpetual special care trusts, provides a specific exception for these trusts as regards the rule against perpetuities. This, in fact, means that the perpetual special care trusts are also perpetual trusts.
The mere fact that a trust is considered a perpetual trust does not necessarily mean that it is irrevocable, in the sense that the trustee may not be removed and substituted by another trustee. The intent and requirement of sections 12-505 through 12-512.08, R.R.S. 1943, is that the perpetual care funds as well as the perpetual special care funds shall be held permanently in trust for the specific purpose of continued care of the cemetery and the individual grave sites. There is no specific provision in the statute that prohibits a change of trustee, rather the sole requirement is simply that the funds remain in trust for the stated purposes. In dealing with a perpetual trust, the implication is obvious that there may indeed be successor trustees required, particularly when individuals are allowed, as in section 12-512.03, R.R.S. 1943, to act as trustees. The irrevocability of any trust fund agreement entered into between a cemetery association and a corporate fiduciary is not then determined by the requirements established by statute, but rather would be determined by the wording of the agreement between the parties and the ability of the association to alter or modify this arrangement by removing an existing trustee and appointing a successor trustee under the rules of law governing charitable trusts.
Thus it appears that the primary intent and wording of the statute is that the word `perpetual' as used in the terms perpetual care fund, perpetual care trust fund, and perpetual special care trusts applies to the continual care to be provided for the maintenance and upkeep of the cemeteries and the individual grave sites. Nevertheless, there is also specific wording and the underlying implication that the word `perpetual' as used in the terms perpetual care trust fund and perpetual special care trusts also refers to the continuing nature of the respective trust or trust fund. While these trusts or trust funds may be regarded as perpetual trusts, as provided by statute, this does not imply that any trust agreement entered into between a cemetery association and a corporate fiduciary is irrevocable in the sense that the association could not remove an existing corporate trustee and appoint a substitute trustee.